IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WALTER BARTON,　　　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　Case No. 14-8001-CV-W-GAF
　　　　　　　　　　　　　　　　　　)
CINDY GRIFFITH, et-al　　　　　　　)
　　　　Respondents.　　　　　　　　)

### *MOTION TO ALTER OR AMEND JUDGMENT, WITH SUGGESTIONS*

Comes now Walter Barton, by attorney, and does hereby request, upon certain specific grounds, and pursuant to F.R.Civ.P. 59(e), that this Honorable Court alter or amend the judgment entered in the above captioned cause on April 9, 2018 (Doc. 59). The grounds for this request, with suggestions in support, will be set forth in the subsequent numbered subparagraphs.

### *I. Summary of the Issues Raised in this Motion*

On April 9, 2018, this Court entered its judgment denying relief upon all grounds advanced in Walter Barton's First Amended Petition for Writ of Habeas Corpus, as truncated by Barton's Traverse (Doc. 33, 56). While this Court addressed on the merits nearly all of the points raised by Mr. Barton, as to grounds thirteen and fourteen of the amended petition, this Court chose not to reach the merits, arguing instead, in keeping with the positions taken by Respondents, that Mr. Barton had not timely raised those issues, and so therefore those issues should

1

simply be dismissed (Doc. 59, p. 9-14).

As to points thirteen and fourteen, Mr. Barton challenged that his trial counsel had been ineffective, respectively, in failing to seek mistrial relief after lurid opening statement accusations went unproven in the prosecution case (Doc. 33, p. 52-57), and in failing to object to obvious and egregious instructional errors (Doc. 33, p. 57-60). In both of Barton's original and amended petitions, challenges were made about the failure of state defense counsel to raise these matters on direct appeal (Doc. 18, p. 25-27; Doc. 33, p. 30-38).

Because none of these issues had been raised in original state post-conviction proceedings, Mr. Barton further urged that, as to each of these issues, there was cause and prejudice so as to excuse procedural default and to allow full Federal Court consideration of each matter (Doc. 56, p. 145-148, 155-161). In addition, since the failures by state post-conviction counsel owed to that counsel's own severe mental illness problems, undersigned counsel returned to Missouri Courts, seeking a finding from those Courts that Mr. Barton "was abandoned" by mentally ill state post-conviction counsel, and therefore should be excused from the normal time limitations, and granted "permission to supplement" his original state post-conviction motion by adding critical points missed by mentally ill counsel. **Barton v. State**, 486 S.W.3d 332, 334 (Mo.banc 2016). This Court stayed proceedings in the above captioned cause for the eleven months while Mr.

Barton's motion was being disposed by the Missouri state courts (Doc. 20, 26, 34). Ultimately, the Missouri Supreme Court refused to find that mental illness of post-conviction counsel constituted abandonment so as to allow excusal from time limits and supplementation of an original post-conviction petition. ***Barton v. State***, 338-339. On the same day that this Missouri Supreme Court decision became final, Mr. Barton's amended petition, containing the original iterations of Points thirteen and fourteen, was filed (Doc. 33).

In answering, Respondents contended that, though the issues raised in both Barton's original and amended petitions were undoubtedly filed well-in-advance of the end of the one year Federal habeas limitations period, points thirteen and fourteen, raised for the first time in the amended petition, were untimely; Respondents claimed that, because the Missouri Supreme Court refused to find abandonment of counsel, Mr. Barton's motion should be reclassified as a motion to reopen, and reasoned from there that since motions to reopen are not proper under Missouri law, Mr. Barton's motion should therefore not be considered as a state post-conviction motion which was "properly filed" and "pending", and therefore should not be seen as having tolled the running of the Federal habeas limitations period per the dictates of 28 U.S.C. 2244(d)(2); following this logic to its end point, Respondents concluded that points thirteen and fourteen were consequently filed outside the Federal habeas limitations period, and therefore should be

3

dismissed as untimely (Doc. 45, p. 19-21).

This Court has now adopted the reasoning advanced by Respondents, and in keeping with that reasoning has dismissed grounds thirteen and fourteen as untimely (Doc. 59, p. 9-14). This Court has expressed belief that support for this reasoning can be found in ***Pace v. DiGuglielmo***, 544 U.S. 408 (2005) (Doc. 59, p. 11-12). And, though acknowledging Mr. Barton's argument that such reasoning is in conflict with the Eighth Circuit's holding in ***Streu v. Dormire***, 57 F.3d 960 (8th Cir. 2009), this Court has chosen to not follow that holding, expressing belief that ***Streu*** has failed to account for holdings by Missouri Courts which this Court views as contrary to the holding in ***Streu*** (Doc. 59, p. 13-14).

Though the undersigned has the utmost respect for the acumen of this Court, it must be insisted that these decisions by this Court involve serious overlooking and misinterpreting of matters of law and fact requiring that this Court alter or amend its judgment so as to permit conduct of a full review and determination of points thirteen and fourteen of Mr. Barton's petition.

### *II. As the Missouri Supreme Court found, Mr. Barton's state post-conviction motion was pleaded properly as a request to resolve an open question of whether counsel mental illness constituted abandonment by post-conviction counsel*

With all of the talk swirling about Mr. Barton's 2015 motion actually being something other than what it purported to be, track has certainly been lost about certain critical matters. What is generally agreed is that there is a long-standing

4

exception to the otherwise hard-and-fast Missouri post-conviction motion filing deadlines, that being if abandonment of counsel is demonstrated. ***Barton v. State***, 486 S..3d 332, 336-337 (Mo.banc 2016). But what has been lost is the shuffle is what the Missouri Supreme Court itself acknowledged, that when in 2015 Mr. Barton filed his request for finding of abandonment by his post-conviction counsel, the Supreme Court itself had "held that the precise circumstances, in which a motion court may find abandonment, are not fixed." ***Barton v. State***, 337. It was in this context that Mr. Barton brought his motion, urging that one proper circumstance for finding of abandonment should be the one which occurred in Mr. Barton's case, wherein capital case post-conviction lead counsel was suffering from mental illness, and because of that mental illness he poorly pled the issues he raised and failed entirely to plead the most critical and obvious issues available. ***Barton v. State***, 335. In support of his point, Mr. Barton argued the many cases in which mental illness has been found to be, not garden variety ineffectiveness of counsel, but rather abandonment of counsel. ***Cantrell v. Knoxville Community Development Corp.***, 60 F.3d 1177, 1179-1180 (6th Cir. 1995) (remanding for hearing on attorney mental incapacity while clarifying that mental-illness-related failures by counsel are not "garden variety attorney negligence" but rather "abandonment"); ***Dellinger v. Colson***, 2013 WL 2635501, *7-*8, *11-*12 (E.D.Tn. 2013) (evidentiary hearing on equitable tolling question granted based in

5

part on determination that mental-illness-related failures by counsel, if proven, are not "a garden variety claim of excusable neglect" but instead amount to "abandonment" by that counsel); *United States v. Cirami*, 563 F.2d 26, 34 (2nd Cir. 1977) (granting relief, using the term "constructive disappearance" to describe the mental-illness-related-failures by counsel); *Ituarte v. Chevrolet Motor Div.*, 1989 WL 10562, *4-*5, fn. 7 (E.D.N.Y 1989) (granting equitable tolling, following logic in *Cirami* regarding distinction between attorney negligence and attorney mental illness); *Barr v. MacGugan*, 78 P. 3d 660, 662-663 (Wash.App. 2003) (granting relief, finding that mental-illness-related failures by counsel were NOT mere negligence by counsel); *Robertson v. Simpson*, 624 F.3d 781, 785-786 (6th Cir. 2010) (describing as "incapacity" an attorney's cocaine-abuse-induced errors, and venturing that equitable tolling of habeas deadline may be in order when misadvice from such an incapacitated attorney causes errors leading to the missing of deadlines).

Certainly, the Missouri Supreme Court settled the previously open questions about abandonment firmly against the arguments by Mr. Barton. *Barton v. State*, 337-338. But, for those who would persist in arguing that Mr. Barton's was in fact or effect some unlawful "motion to reopen", that argument is clearly refuted by the manner in which the Missouri Supreme Court received, reviewed and decided the matter, never once mentioning "motion to reopen", and always referring to the

6

matter as a proper, though ultimately not successful, request for finding of abandonment by post-conviction counsel. **Barton v. State**, 334, 335, 337-338.

Therefore, to whatever extent that this Court might be right that Missouri procedure does not allow for a "motion to reopen" (Doc. 59, p. 13), that point is inapplicable to Mr. Barton's 2015 motion.

### ***III. Missouri cases cited on the subject actually support the point that a motion like Barton's is properly filed under Missouri law***

This Court cites to a host of cases in which the movants unsuccessfully sought to late-file post-conviction challenges using the abandonment exception (Doc. 59, p. 13). The Court lumps Mr. Barton's motion with these as all "attempting to shoehorn ineffective assistance of counsel claims into a postconviction request for a finding of abandonment" (Doc. 59, p. 13). This Court then reads these cases as supporting a conclusion that, because all of these efforts, including Mr. Barton's, were unsuccessful, that means that the Missouri Courts found that those requests were not properly filed (Doc. 59, p. 13). Neither conclusion is correct.

Four of the cases cited by the Court are easily distinguishable on their facts, because in each and all of those cases, the movants simply claimed that their respective post-conviction counsel did not raise issues they wanted, citing no reason for the failures other than the simple lack of diligence by counsel. **Sittner v. State**, 405 S.W.3d 635, 639 (Mo.App.E.D. 2013); **Bain v. State**, 407 S.W.3d 144,

7

148 (Mo.App.W.D. 2013); ***Jensen v. State***, 396 S.W.3d 369, 376-377 (Mo.App.W.D. 2013); ***Bello v. State***, 464 S.W.3d 284, 292 (Mo.App.W.D. 2015); As already noted above, Mr. Barton went far beyond such a garden variety claim of ineffectiveness, explaining that in his case, it was the mental illness of post-conviction counsel which was the cause for counsel's failures. And, Mr. Barton followed up with the aforementioned cases for the proposition that mental-illness-generated errors constitute abandonment, not mere ineffectiveness.

But even though the cited Missouri cases ultimately failed on the merits, none of the Courts hearing the matters questioned whether the matters had been properly filed; to the contrary, all of the cases, were heard and ruled on both the Circuit and Appellate levels. Moreover, the State's efforts to claim lack of proper filing so as to obtain dismissal for want of jurisdiction have been rejected. ***Sittner v. State***, 637; ***Jensen v. State***, 373. Only in the case of a second, successive motion to reopen, filed after a first motion to reopen on the same subjects had been fully entertained, ruled, appealed and finally decided, has a motion to dismiss for lack of jurisdiction been entered and upheld. ***Middleton v. State***, 350 S.W.3d 489, 490-491 (Mo.App.W.D. 2011). Therefore, the Missouri Courts generally treat as properly filed motions of the sort as filed by Mr. Barton.

### IV. This Court reads far too much into the Pace v. DiGuglielmo holding

In ***Pace v. DiGuglielmo***, 544 U.S. 408, 410-411 (2005), the Supreme Court

addressed the case of Pace, a Pennsylvania post-conviction litigant who simply late-filed his state post-conviction petition, without pleading, making separate motion, arguing or attempting to prove that any of the exceptions to the time limits applied to him; and he suffered eventual dismissal of the case as a result. Pace argued that his state court petition should nevertheless be deemed as properly filed, so as to warrant tolling of the Federal habeas limitations period because, in Pace's view, time limits are never a component of a proper filing. *Pace v. DiGuglielmo*, 414-415. The Supreme Court disagreed, and affirmed the lower court refusal to toll the Federal limitations period during the pendency of the petition as filed by Pace. *Pace v. DiGuglielmo*, 415. The Supreme Court also held that the mere existence of exceptions to time limits could not prevent a late application from ever being considered improperly filed. *Pace v. DiGuglielmo*, 413.

None of these aspects of *Pace v. DiGuglielmo* impact upon Mr. Barton's case in that Barton petitioned, argued and evinced his claim that the exception to the Missouri limitations period, that is abandonment, applied to him.

Nevertheless, this Court attempts to read *Pace v. DiGuglielmo* more broadly to hold that unless a motion such as the one brought by Mr. Barton is successful, and results in the successful late filing of a petition, can such a motion be considered to be properly filed (Doc. 59, p. 11-12). Since Pace never filed a motion like the one filed by Mr. Barton, the Supreme Court in *Pace v.*

9

*DiGuglielmo* never addressed that subject. Moreover, undersigned counsel has found no other case in which the holding in *Pace v. DiGuglielmo* has been read in the fashion suggested by this Court. And, most importantly, a holding of the Eighth Circuit, handed down after *Pace v. DiGuglielmo*, runs contrary to this Court's reasoning.

### V. Binding Eighth Circuit Precedent in Streu requires a contrary result

In *Streu v. Dormire*, 557 F.3d 960, 964-965 (8th Cir. 2009), the Eighth Circuit found that a Missouri Motion to Reopen state post-conviction proceedings is itself "…a properly filed application for State post-conviction or other collateral review…" and thus, by itself, "tolled AEDPA's statute of limitations during the time it was pending." This decision came four years after *Pace*, and is directly in conflict with the reasoning offered by this Court.

Though this Court has ventured *Streu* is called into question by subsequent holdings by the Missouri Courts (Doc. 59, p. 13), the discussion just above amply demonstrates that the vehicles for seeking relief from post-conviction filings limitations periods are just as alive and well today as they were when the *Streu* decision was handed down.

And, this Court is bound by the *Streu* precedent. *United States v. Montgomery*, 635 F.3d 1074, 1098-1099 (8th Cir. 2011).

### VI. Conclusion

10

WHEREFORE, in light of the foregoing, Mr. Barton prays that this Honorable Court alter or amend its judgment by determining that Barton's grounds thirteen and fourteen have been timely filed, and by giving full and fair consideration to those grounds.

Respectfully submitted

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
P.O. Box 216
Trimble MO 64492
Phone: 816-213-0782
Fax: 816-635-5155
ATTORNEY FOR PETITIONER

### *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing was e-mailed to the following this 7th day of May, 2018

Caroline Coulter
Assistant Attorney General
P.O. Box 899
Jefferson City, Mo. 65102
caroline.coulter@ago.mo.gov

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.