IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WALTER BARTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 14-08001-CV-W-GAF |
| | ) | |
| | ) | |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Now before the Court is Movant Walter Barton's ("Movant" or "Barton") Motion to Amend/Correct Order pursuant to Federal Rule of Civil Procedure 59(e). (Doc. # 61). Movant requests the Court amend or correct its April 9, 2018 Order. (Doc. # 59). Respondent Troy Steele ("Respondent" or the "State") opposes. (Doc. # 65). For the reasons stated herein, Barton's request is DENIED.

## DISCUSSION

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment upon a motion filed within 28 days after entry of the judgment. A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* (quotation omitted). "A 'manifest error of law is the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Walter v. Clarion Mortgage Capital, Inc.*, No. 08-0536-CV-W-GAF, 2010 WL 11508247, at *1 (W.D. Mo. Mar. 10, 2010) (quoting *In re Murray*, 408 B.R.

1

268, 274 (W.D. Mo. 2009)); *see Wakefield v. Colvin*, 185 F. Supp. 3d 1107, 1108 (S.D. Iowa 2016) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). However, a motion to alter or amend judgment "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quotation omitted). "Relief under Rule 59 is an extraordinary remedy and should be granted sparingly." *Walter*, 2010 WL 11508247, at *1.

## II.     ANALYSIS

The only issue before the Court on Barton's current Motion is whether his claims XIII and XIV were added to his Amended Petition (Doc. # 33) within the time limits prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Doc. # 61). Barton contends that the Court committed a manifest error of law when it determined that his "Request for Finding of Abandonment of Counsel," filed before the Circuit Court for Cass County, Missouri, did not constitute a properly filed application for State post-conviction relief sufficient to pause the AEDPA limitations period. (*Id.*)

Under the AEDPA, state prisoners have one year to seek federal habeas relief from when the date their judgment of conviction became final. *Streu v. Dormire*, 557 F.3d 960, 961 (8th Cir. 2009). Any amendments to a habeas petition must also be filed within the same one-year limitations period. *See United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999). "This one-year statute of limitations is tolled, however, during the time in which a '*properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment . . . *is pending*.'" *Streu*, 557 F.3d at 961 (quoting 28 U.S.C. § 2244(d)(2)) (emphasis added) (ellipsis in original). "To qualify as a 'properly filed' application for state post-conviction relief, so as to toll the statute of limitations under § 2244(d)(2), the application must be 'in compliance with the applicable laws and rules governing filings.'" *McMullan v. Roper*, 599 F.3d

2

849, 853 (8th Cir. 2010) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). "'A properly filed application is one that meets all of the state's procedural requirements.'" *Id.* (quoting *Beery v. Ault*, 312 F.3d 948, 950-51) (8th Cir. 2002)).

Missouri Supreme Court Rule 29.15[1] provides the procedural requirements that governed Barton's state-postconviction review:

> Rule 29.15(g) establishes the timelines for filing an amended motion. In relevant part, Rule 29.15(g) provides:
>
>> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
>
> Rule 29.15(g) also provides that the motion court can extend the sixty-day deadline for one additional period not to exceed thirty days. Thus, as in this case, a movant can have up to ninety days to file a timely amended motion.

*Creighton v. State*, 520 S.W.3d 416, 418 (Mo. 2017) (en banc). Further, a subsequent subsection prohibits the filing of successive motions. Mo. Sup. Ct. R. 29.15(l). "A motion is successive if it follows a previous post-conviction relief motion addressing the same conviction." *Zeignebein v. State*, 364 S.W.3d 802, 804 (Mo. Ct. App. 2012) (quotation omitted).

The Missouri Supreme Court denied Barton's Rule 29.15 motion on May 13, 2014 and issued its mandate on June 24, 2014. *See Barton v. State*, 432 S.W.3d 741, 764 (Mo. 2014) (en banc). Post-conviction cases are considered "pending," for the purposes of federal habeas practice, until the state court mandate issues. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006).

---

[1] The State points out that Missouri Circuit Courts also retain the ability to re-open a Rule 29.15 proceeding for 30 days after the judgment is entered. *See* Mo. Sup. Ct. R. 75.01. However, Barton does not place this Rule at issue in his briefing, nor does the record suggest it should affect the Court's analysis here.

3

Therefore, assuming no intervening circumstances, Barton had until June 24, 2015 to file his federal habeas claims. *Streu*, 557 F.3d at 961. Indeed, Barton timely-filed a Petition for Writ of Habeas Corpus, containing twelve grounds for relief, on June 9, 2015. (Doc. # 18). However, on May 24, 2016, well past the one year deadline, Barton attempted to join additional claims in an Amended Petition. (Doc. # 33). Barton asserts he could amend his Petition as a matter of right, as his June 9, 2015 Request for Finding of Abandonment of Counsel filing in the Circuit Court for Cass County, Missouri tolled the one year statute.

However, the Missouri Supreme Court stated the following, in regard to his June 9, 2015 request:

> Mr. Brotherton filed a timely amended motion on behalf of Mr. Barton asserting 48 claims and six grounds for relief. Mr. Barton's allegation is that this was inadequate because Mr. Brotherton failed to include "vital" issues in his amended motion that were later deemed waived on appeal. This in turn, Mr. Barton argues, deprived him of the fair disposition of his Rule 29.15 proceeding. In other words, Mr. Barton is claiming that Mr. Brotherton's illness made him miss claims he otherwise would have brought. Mr. Barton's claim is one of ineffective assistance of post-conviction counsel, which is categorically unreviewable in Missouri state courts.
> 
> . . .
> 
> Whether or not Mr. Barton has a cognizable federal claim of ineffective assistance . . . he does not have a claim of abandonment under Missouri law and was not required to seek further relief in Missouri courts as a necessary step to pave the way for a federal habeas petition.
> 
> Mr. Barton nonetheless did file this claim of abandonment. The motion court did not clearly err in overruling it without an evidentiary hearing. His claim does not fit within Missouri's definition of "abandonment" and is not cognizable in Missouri courts.

*Barton v. State*, 486 S.W.3d 332, 338-39 (Mo. 2016) (en banc) (internal citations omitted). The Court then takes the above-quoted ruling, in light of the following analysis from the United States Supreme Court in *Pace v. DiGuglielmo:*

> In *Artuz v. Bennett* . . . we held that time limits on postconviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." However, we reserved the question we face here: "whether the

4

existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Having now considered the question, we see no grounds for treating the two differently.

As in *Artuz,* we are guided by the "common usage" and "commo[n] underst[anding]" of the phrase "properly filed." In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

544 U.S. 408, 413 (2005) (internal citations omitted). As the Missouri Supreme Court found that Barton's claim was not cognizable under the state's abandonment exception, and the United States Supreme Court has opined that untimely petitions that meet no relevant exception do not toll the AEDPA's statute of limitations, the Court finds that Barton's claims XIII and XIV were filed out of time.

## **CONCLUSION**

The Court did not commit a manifest error of law that would require it to alter or amend its prior judgment. For the reasons stated herein and explained more thoroughly in the Court's April 19, 2018 Order, Barton's Motion is DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 6, 2018